IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ANDREW GOODMAN FOUNDATION,

    Plaintiff,

v.                                                     Case No. 19-CV-955

MARGE BOSTELMANN, JULIE M.
GLANCEY, ANN S. JACOBS, DEAN
KNUDSON, ROBERT F. SPINDELL, JR.,
and MARK L. THOMSEN, in their official
capacities as Wisconsin Elections
Commissioners,

    Defendants.

---

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY

---

### INTRODUCTION

Like the court did recently in *Common Cause v. Thomsen*, 19-CV-323 (W.D. Wis.)—a pending case challenging the constitutionality of the student-ID provisions of Wis. Stat. § 5.02(6m)(f)—this Court should order a limited stay of this case challenging certain student voter ID requirements under the Twenty-sixth Amendment. The instant case will be controlled by the Seventh Circuit's upcoming decision addressing the constitutionality of the voter photo ID law in *One Wisconsin Institute, Inc. v. Thomsen*, Nos. 16-3083 and 16-3091

(7th Cir.). The significant overlap between this case and *One Wisconsin Institute* makes it the rare but appropriate candidate for a limited stay.

In *One Wisconsin Institute, Inc. v. Thomsen*, the court rejected a Twenty-sixth Amendment intentional-age-discrimination claim challenging the voter photo ID law, including the student-ID provisions in Wis. Stat. § 5.02(6m)(f). 198 F. Supp. 3d 896, 925–27 (W.D. Wis. 2016). Further, the court granted relief to the *One Wisconsin Institute* plaintiffs under the Fourteenth Amendment enjoining part of Wis. Stat. § 5.02(6m)(f), holding that "the ID card that a college or university student actually presents at the polls can be expired." *Id.* at 962.

The court was asked by the defendants in *Common Cause* to stay the case because it involved challenges to the constitutionality of the student-ID provisions in Wis. Stat. § 5.02(6m)(f). The court granted a stay on July 19, 2019, holding that the issues in *Common Cause* "are closely related to *One Wisconsin*" and that "the decision of the court of appeals is likely to provide significant guidance in resolving [*Common Cause*]." *Common Cause v. Thomsen*, No. 19-CV-323 (W.D. Wis.), at Dkt. 24 (text-only order).

The same logic applies here; therefore, this Court should order a limited stay. *One Wisconsin Institute* involved the same Twenty-sixth Amendment theory Plaintiff is pursuing to challenge Wis. Stat. § 5.02(6m)(f). Furthermore, this Court already granted the plaintiffs relief enjoining the expiration-date

requirement of Wis. Stat. § 5.02(6m)(f), a ruling that is now on appeal. Accordingly, in the interests of wise judicial administration and comprehensive disposition of litigation, this Court should enter an order staying this case until after the Seventh Circuit has decided *One Wisconsin Institute*.[1]

## BACKGROUND

### I. *One Wisconsin Institute* involved the student-ID requirements of Wis. Stat. § 5.02(6m)(f) and free state IDs for voting.

*One Wisconsin Institute* involved multiple voting laws, but a primary focus was Wisconsin's voter photo ID law. (*See* OWI[2] Dkt. 141:50–60 ¶¶ 153–177; 185:1.) As the court noted, "[t]he most significant new law is 2011 Wisconsin Act 23, which requires voters to present one of several specified types of photo ID." (OWI Dkt. 185:1.) It was brought by nine plaintiffs, including three who were in college or use a college student ID for voting. (OWI Dkt. 141:5, 7–8 ¶¶ 7, 11, 12.) The defendants included the Commissioners of the Wisconsin Elections Commission in their official capacity, the defendants in this case.

The case went to trial, and "[o]ver nine extended days, the court heard the testimony of 45 live witnesses, including six experts, with additional

---

[1] Defendants make this motion prior to responding to the complaint, and they do so reserving the right to make jurisdictional or other objections at a later time.

[2] References to the *One Wisconsin Institute* district court docket, case number 15-CV-324, are in the format (OWI Dkt. [docket number]:[page or paragraph number]).

3

witnesses presented by deposition." *One Wis. Inst.*, 198 F. Supp. 3d at 902. Student IDs were an important part of the case and trial.

Several witnesses testified about using college IDs for voting. For example, Plaintiff Renee Gagner was a recent college graduate from Beloit College who testified about the voter photo ID law's effect on college students. (OWI Dkt. 200:27–28, 45.) Plaintiff Jennifer Tasse also testified about college students using IDs, the signature requirement in Wis. Stat. § 5.02(6m)(f), and the availability of qualifying student ID cards, including her own ID card. (OWI Dkt. 211:20, 43–47, 49.) Carmen Gosey was a UW-Madison student who also testified about student IDs, including how to get a voting-compliant ID at UW-Madison. (OWI Dkt. 210:21; 215:174–75; 215:168–69.) Plaintiffs' expert, Dr. Allan Lichtman, testified about the use of student IDs. (Dkt. 214:275–78.) Diane Lowe, an elections specialist at the Wisconsin Government Accountability Board, was questioned about the effect of the voter photo ID law on college students. (Dkt. 217:63, 123.) And Analiese Eicher, an employee of One Wisconsin Institute, testified about a Wisconsin Senate committee hearing relating to the voter photo ID law, and student IDs specifically. (Dkt. 217:161–63.)

Post-trial briefing in *One Wisconsin Institute* addressed the plaintiffs' claims concerning student IDs for voting. Indeed, the *One Wisconsin Institute* plaintiffs argued that: "The voter ID law effectively targets college students . . .

4

by making student IDs unnecessarily difficult to use for voting: Unlike a driver's license or a passport, it must be unexpired; it must contain a signature of the student—even though there is no signature matching done at the polls; it must contain a date of *issuance*; and the expiration date must not be later than two years after the date of issuance," which are effectively the same arguments that Plaintiff is making now. (OWI Dkt. 207:227.) Pages 221 through 237 of the *One Wisconsin Institute* plaintiffs' post-trial brief addressed their Twenty-sixth Amendment claim against the voter photo ID law and the trial evidence they believed supported it. (OWI Dkt. 207:221–37.)

In the *One Wisconsin Institute* decision, the court acknowledged that "[m]uch of plaintiffs' evidence concerns the restrictions that the legislature placed on the use of college IDs." 198 F. Supp. 3d at 927. The court even ruled on one component of the college ID requirements, concluding that requiring a college ID to be unexpired is impermissible. *Id.* at 962 (granting relief under the Fourteenth Amendment and holding that "[t]he only thing that will change is that the ID card that a college or university student actually presents at the polls can be expired."). That decision was premised on compliance with the other requirements of Wis. Stat. § 5.02(6m)(f): "To be clear, the court is not concluding that voters have carte blanche to use expired college or university IDs at the polls; they must still comply with the other requirements of

5

Wis. Stat. § 5.02(6m)(f)." *Id.* The court observed that the requirements have overlapping effect and therefore are not cumulatively enforceable:

> The three requirements in Wis. Stat. § 5.02(6m)(f) are redundant: (1) the ID card itself must be unexpired; (2) the card must have an expiration date that is no more than two years after its date of issuance; and (3) the voter must present proof of current enrollment. If each of these requirements provided some additional level of protection against former students using their IDs to vote, then those requirements might be rational.

*Id.* at 961–62.

The court upheld the student-ID requirements against a Twenty-sixth Amendment intentional-age-discrimination challenge because the rule gives college students an *additional* means of voting, above and beyond everyone else:

> College students may use any of the means of identification or proof of residence that are available to all citizens generally. The legislature also extended to students the additional ability to use their college IDs, albeit under certain restrictive conditions. As a practical matter, these restrictions meant that the standard student IDs that many University of Wisconsin campuses issue were not valid for voting. But some universities have provided workarounds in the form of special university-issued voting IDs. This seems like an unwarranted rigmarole, but the end result is that college students have more ID options than other citizens do.

*Id.* at 927.

That conclusion is critically intertwined with Wisconsin's program for giving anyone, including college students, free voting-compliant photo ID cards. *See id.* at 912–13. ("As part of Act 23, Wisconsin enacted a statute allowing citizens to receive free IDs to vote."). The *One Wisconsin Institute*

6

decision extensively analyzed the free state ID card program, known as the "ID Petition Process," or "IDPP." *See id.* at 913–18, 922, 949. And the court ultimately ordered the State to "reform the IDPP so that qualified electors will receive a credential valid for voting without undue burden, consistent with this opinion." *Id.* at 965. That requirement was stayed pending appeal. *One Wis. Inst., Inc. v. Thomsen*, No. 15-CV-324-jdp, 2016 WL 4250508, at *1 (W.D. Wis. Aug. 11, 2016).

The court's decision in *One Wisconsin Institute* is on appeal to the Seventh Circuit. The appeal is fully briefed and was argued on February 24, 2017. Issues on appeal include: the allegation that the voter photo ID law intentionally discriminates on the basis of age in violation of the Twenty-sixth Amendment; the validity of the requirement that college IDs be unexpired; the process for distributing free state IDs, including the IDPP; and whether the entire voter photo ID law should be invalidated. (*See, e.g.,* OWI 7th Cir. Dkt. 30:11–19, 23–37, 48–49, 56–59.)[3]

---

[3] The *One Wisconsin Institute* appeal involves two consolidated appeals, Nos. 16-3083 and 16-3091. References to appellate documents in *One Wisconsin Institute* are in the format (OWI 7th Cir. Dkt. [docket number]:[page or paragraph number]).

The same format is used for the two consolidated appeals in *Frank v. Walker* (Nos. 16-3052 and 16-3003): (Frank 7th Cir. Dkt. [docket number]:[page or paragraph number]).

Finally, the *One Wisconsin Institute* appeal is being considered with two related, consolidated cases, *Frank v. Walker*, Nos. 16-3003 and 16-3052 (7th Cir.).

*Frank* was filed in 2011 and sought a declaration that the voter photo ID law is unconstitutional and an order permanently enjoining it. (Frank Dkt.[4] 1; *see* Frank Dkt. 31:76–78.) Like *One Wisconsin Institute*, the defendants include the same Wisconsin Elections Commissioners as are the defendants in this case. *Frank*'s eight-year history includes an eight-day trial and several decisions and orders from the Seventh Circuit. (Frank Dkt. 179–86, 215, 216, 220, 221, 263, 313, 318.) In particular, the district court issued an injunction permitting anyone to avoid the voter photo ID requirement by filling out an affidavit certifying that he or she could not obtain a qualifying ID with reasonable effort. (Frank Dkt. 313:2.) The defendants appealed that decision and requested a stay pending appeal, which the Seventh Circuit granted. (Frank Dkt. 295, 313.) It then heard arguments on the same day in *Frank* and *One Wisconsin Institute* and appears to be considering the cases together. (*Compare* OWI 7th Cir. Dkt. 85, *with* Frank 7th Cir. Dkt. 79.)

---

[4] References to the *Frank v. Walker* district court case, Eastern District of Wisconsin case number 11-CV-1128, are in the format (Frank Dkt. [Docket number]:[page or paragraph number].

## II.     The court entered a stay in *Common Cause.*

As noted above, the court entered a stay in *Common Cause* under circumstances parallel to those here. The Wisconsin Elections Commission defendants in *Common Cause* answered the complaint and contemporaneously moved the court for a stay in light of the pending appeals in *One Wisconsin Institute* and *Frank*. The parties briefed the stay issue. *Common Cause v. Thomsen*, No. 19-CV-323 (W.D. Wis.), at Dkt. 1; 19–23.

On July 19, 2019, the court entered a text-only order granting a limited stay, which stated:

> Defendants have moved to stay this case pending resolution of the appeals in *One Wisconsin Institute, Inc. v. Nichols*, Nos. 16-3083 and 16-3091 (7th Cir.), and *Frank v. Walker*, Nos. 16-3003 and 16-3052 (7th Cir.). *See* Dkt. [20]. The motion is GRANTED as it relates to *One Wisconsin* and the preliminary pretrial conference scheduled for July 26 is CANCELLED. In this case, plaintiffs are challenging the constitutionality of the Wisconsin law that prohibits the use of a college ID for voting unless the ID displays an issuance date, an expiration date, and a signature. *See* Wis. Stat. § 5.02(6m)(f). The issues raised in this case are closely related to *One Wisconsin*, in which this court enjoined Wisconsin officials from enforcing a ban on using an expired college ID for voting. *See One Wisconsin Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896, 964 (W.D. Wis. 2016). Although the issues on appeal in *One Wisconsin* may not be identical to those in this case, the decision of the court of appeals is likely to provide significant guidance in resolving this case. The same cannot be said of the appeal in *Frank*. Although that case also involves Wisconsin's voter ID law, the parties agree that the *Frank* appeal relates to a procedure crafted by the district court for allowing voters to provide an affidavit rather than a photo ID. Because that issue is only tangentially related to this case, the court will not continue the stay if the court of appeals decides *One Wisconsin* before *Frank*. Once the appeal in *One Wisconsin* is resolved, the court will schedule a new preliminary pretrial conference.

*Id.* at Dkt. 24 (text-only order).

### III. Plaintiff's November 2019 challenge to requirements of Wis. Stat. § 5.02(6m)(f) under the Twenty-sixth Amendment

This lawsuit includes only one claim, which challenges requirements in Wis. Stat. § 5.02(6m)(f), and is summarized in paragraph 29 of the complaint:

> Upon information and belief, the Student Voter ID Restrictions disproportionately abridge and deny the right to vote of young Wisconsinites. Upon information and belief, the Wisconsin legislature, in imposing arbitrary requirements on voters' use of student IDs, acted with the intent, at least in part, to disproportionately suppress the vote of young voters in Wisconsin. As such, these provisions violate the Twenty-Sixth Amendment.

(Dkt. 1:10 ¶ 29.) In the Prayer for Relief, Plaintiff asks this Court to enjoin the challenged laws, declare that they violate the Twenty-sixth Amendment, and "requir[e] the Commissioners of the Wisconsin Elections Commission to permit voters to use student IDs regardless of their date of issuance, signature, expiration date, and the voter's ability to confirm current enrollment." (Dkt. 1:11.)

## STAY MOTION LEGAL STANDARD

"Although federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress, in exceptional cases, a federal court should stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (citations omitted).

Thus, a court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party requesting a stay must show why it is necessary. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

"The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" *Feed.Ing BV v. Principle Sols., LLC*, No. 14-C-1241, 2015 WL 13158324, at *1 (E.D. Wis. Apr. 21, 2015) (citation omitted). Courts consider the following factors when deciding whether to stay an action:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Id.* (quoting *Grice Eng'g v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). A stay pending an appellate decision is particularly appropriate where that decision "has the potential to reduce all costs attendant

11

to th[e] lawsuit [because it] will demarcate—and likely narrow—the playing field for this court and for the parties." *Woodman's Food Mkt., Inc. v. Clorox Co.*, No. 14-CV-734-SLC, 2015 WL 4858396, at *3 (W.D. Wis. Aug. 13, 2015).

## ARGUMENT

The Court should temporarily stay this case until the Seventh Circuit issues a decision in *One Wisconsin Institute*, just as the court did in *Common Cause*. This case, like *Common Cause*, is the "exceptional case" that warrants a stay. *Finova Capital Corp.*, 180 F.3d at 898. Specifically, the precedent the Seventh Circuit will establish in *One Wisconsin Institute* likely will resolve Plaintiff's Twenty-sixth Amendment claim. At minimum, the decision will give critical guidance on applicable legal standards and, at most, it will moot this entire action.

All the relevant factors weigh in favor of staying this case. First, this litigation has barely begun. Second, Plaintiff cannot complain of prejudice by waiting for guidance from the Seventh Circuit: Plaintiff is challenging a law that was passed eight years ago and did not pursue its claim while that law was litigated through two federal-court trials and multiple appeals. Third, a stay will streamline the issues and may even resolve this case completely: the issues on appeal will likely provide guidance on how to analyze any alleged burdens related to requirements for college IDs, and a decision regarding Wisconsin's IDPP will provide guidance about *everyone's* access to free IDs in

Wisconsin. Fourth, given the overlap of issues and the likelihood that the Seventh Circuit's decision will provide guidance on Plaintiff's claim here, a stay now will reduce (and perhaps eliminate) the litigation burden and costs for the parties and this Court. In light of all this, this case should be stayed until *One Wisconsin Institute* is decided on appeal.

## I. This litigation is at an early stage, and Plaintiff cannot reasonably complain of prejudice.

This case commenced very recently, with a complaint filed on November 19, 2019, and no responsive pleading has been filed. There has been no discovery or court decisions. This is the ideal time to stay the case to prevent inefficient litigation for the parties and the Court.

Plaintiff would suffer no prejudice from a stay. The laws at issue were passed in 2011. (Dkt. 1:1 ¶ 1.) Plaintiff has waited eight years to raise its complaint, having sat by while other trials proceeded and resolved in federal court. Having sat out of the two major federal trials on voter photo ID in Wisconsin, which presented issues interrelated to those it now raises, Plaintiff has no reasonable claim of prejudice from waiting until the *One Wisconsin Institute* appeal is resolved.

## II. A stay will simplify or resolve the issues and may eliminate the need for a trial.

The issues on appeal will streamline, and may resolve, this case. Plaintiff seeks to enjoin voting laws requiring that a student ID have an issuance date,

13

expiration date, and signature, and that the voter using such an ID confirm his or her current enrollment in college. (*See* Dkt. 1:3 ¶ 3; *id.* at 11 (Prayer for Relief D.).) Their argument is nearly identical to the college-ID claims in *One Wisconsin Institute*:

> The voter ID law effectively targets college students as well by making student IDs unnecessarily difficult to use for voting: Unlike a driver's license or a passport, it must be unexpired; it must contain a signature of the student—even though there is no signature matching done at the polls; it must contain a date of *issuance*; and the expiration date must not be later than two years after the date of issuance.

(OWI Dkt. 207:227.) College ID issues were the topic of evidence and briefing in *One Wisconsin Institute*, and it is highly likely that the appellate decision will either resolve or clearly steer resolution of Plaintiff's claim here.

For example, an issue on appeal in *One Wisconsin* is the availability of free IDs for voting through Wisconsin's ID Petition Process. (*See, e.g.*, OWI 7th Cir. Dkt. 30:23–37, 48–49, 56–59.) Those free IDs are available to anyone, including college students. If the Seventh Circuit were to uphold Wisconsin's current program for free IDs, any college student who does not have a qualifying ID would be able to use the Seventh Circuit-approved process to get a free state ID to vote. Alternatively, a decision from the Seventh Circuit could affirm the court's order to "reform the IDPP so that qualified electors will receive a credential valid for voting without undue burden, consistent with this opinion." *One Wis. Inst., Inc.*, 198 F. Supp. 3d at 965. Any reforms under that

order could resolve the claim here; i.e., reforms to meet the court's order would also result in a court-approved process for obtaining free IDs.

Other issues on appeal also could have significant impacts, including the issue of whether a requirement that college IDs be unexpired is valid. *See One Wis. Inst., Inc.*, 198 F. Supp. 3d at 962. If the Seventh Circuit were to reinstate the requirement that college IDs be unexpired, it would make no sense to rule that the IDs do not need to have an expiration date, as Plaintiff would like this Court to do. (Dkt. 1:11 (Prayer for Relief D.).) Further, an issue on appeal in *Frank* is the availability of an affidavit exception that would allow anyone without a qualifying ID to vote by simply certifying that they could not obtain an ID with reasonable effort.

All of these topics would impact any arguments about putative burdens related to college IDs. Thus, even if the pending appeals do not resolve the Twenty-sixth Amendment issue in this case completely or directly, it is difficult to imagine that the *One Wisconsin Institute* decision will not give important guidance applicable to Plaintiff's claim here. Given that multiple issues on appeal could "demarcate—and [perhaps] narrow—the playing field for this court and for the parties," *Woodman's Food Mkt., Inc.*, 2015 WL 4858396, at *3, a stay is appropriate to streamline any further proceedings in this case.

## III. A stay will reduce the burden of litigation and avoid duplicative litigation.

The *One Wisconsin Institute* case involved a trial "[o]ver nine extended days, [where] the court heard the testimony of 45 live witnesses, including six experts, with additional witnesses presented by deposition," and where this Court noted that "[m]uch of plaintiffs' evidence concerns the restrictions that the legislature placed on the use of college IDs." *One Wis. Inst., Inc.*, 198 F. Supp. 3d at 902, 927. In light of the substantial overlap between the student-ID claims at issue there and Plaintiff's claim here, it makes little sense to start the evidentiary process over now while the Seventh Circuit is considering those claims.

Additionally, the defendants in this case are parties to both *One Wisconsin* and *Frank*. All of these cases are directed at the Wisconsin Elections Commissioners in their official capacities. The Commissioners, their predecessors, and their attorneys have already expended extensive time and resources defending two federal cases through discovery, long trials, and multiple appeals over the last eight years. It would be unduly burdensome to proceed with another voter photo ID case. Indeed, allowing this case to proceed now risks wasting resources because the parties and the Court could expend significant effort litigating the issues under current precedent, just to have the landscape altered by the decision in *One Wisconsin Institute*.

16

The fact that the Seventh Circuit has had the *One Wisconsin Institute* and *Frank* cases fully briefed and argued since February 2017 does not cut against granting a limited stay. In fact, it counsels in favor of a stay, as a decision from the Seventh Circuit is likely to come sooner rather than later. It makes sense to wait for the decision rather than to have to redo much of the litigation that would otherwise occur in this case to consider the precedent *One Wisconsin Institute* will establish.

In summary, a limited stay will simplify any issues to be resolved and prevent inefficient and unduly burdensome litigation. This Court should temporarily stay this case until *One Wisconsin Institute* is resolved.

## CONCLUSION

This Court should grant Defendants' motion and enter an order temporarily staying this case pending the outcome in *One Wisconsin Institute*.

Dated this 4th day of December, 2019

                Respectfully submitted,

                ERIC J. WILSON
                Deputy Attorney General of Wisconsin

                s/ Clayton P. Kawski
                CLAYTON P. KAWSKI
                Assistant Attorney General
                State Bar #1066228

                S. MICHAEL MURPHY
                Assistant Attorney General
                State Bar #1078149

                      Attorneys for Defendants Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, in their official capacities as Wisconsin Elections Commissioners

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8549 (Kawski)
(608) 266-5457 (Murphy)
(608) 267-2223 (Fax)
kawskicp@doj.state.wi.us
murphysm@doj.state.wi.us