IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ANDREW GOODMAN
FOUNDATION and AMANDA SCOTT,

                Plaintiffs,                OPINION AND ORDER

v.

                                              19-cv-955-wmc

MARGE BOSTELMANN, et al.,

                Defendants.

---

      In this case, plaintiffs argue that a portion of Wisconsin's voter ID law -- specifically, Wis. Stat. § 5.02(6m)(f) -- violates the Twenty-Sixth Amendment. The issues raised in this case are closely related to those addressed in *One Wisconsin Institute, Inc. v. Thompson*, 198 F. Supp. 3d 896 (W.D. Wis. 2016), in which this court held, among other things, that the plaintiffs had failed prove that Wisconsin's voter ID law violated the Twenty-Sixth Amendment. *One Wisconsin Institute* is now pending before the Seventh Circuit Court of Appeals, Case Nos. 16-3083 & 16-3091. Given the overlapping issues between that case and the present one, and the fact that the Seventh Circuit's decision will likely provide significant, if not definitive, guidance in resolving the principal issues presented in this case, the court will grant defendants' motion to stay.[1] (Dkt. #9.) Further, the court will deny plaintiffs' preliminary injunction motion (dkt. #23), as this court's previous decision in *One Wisconsin Institute* actually forecloses any meaningful likelihood of success on the merits absent reversal by the Seventh Circuit.

---

[1] As part of the stay, all deadlines and dates will be struck. As such, defendants' motion to reschedule the preliminary pretrial conference and related proceedings (dkt. #21) will be denied as moot.

OPINION

In 2011, the Wisconsin Legislature passed Wisconsin Act 23, which was promptly signed into law by Governor Scott Walker. This law contains, in part, restrictions regarding the use of student IDs for voting. Specifically, it provides that a student ID may be used to vote only if it contains an issuance date, an expiration date within two years of issuance, and a signature. Wis. Stat. § 5.02(6m)(f). Further, an individual using a student ID to vote must establish by other documentation that he or she is currently enrolled as a student. *Id.*

## I. Motion for Stay

On November 19, 2019, plaintiffs filed the present lawsuit, arguing that Wis. Stat. § 5.02(6m)(f) discriminates against young voters on account of age in violation of the Twenty-Sixth Amendment. (Compl. (dkt. #1).) Shortly thereafter, defendants filed a motion to stay. (Mot. to Stay (dkt. #9).) Defendants argue that a stay is warranted because this case will be controlled by the Seventh Circuit's expected decision in *One Wisconsin Institute*. (Def.'s Br. (dkt. #10) 1.) Plaintiffs counter that this court's decision in *One Wisconsin Institute* did not address the principal issue brought in the instant case. (Pl.'s Opp'n (dkt. #18) 1.) Specifically, plaintiffs here argue that *One Wisconsin Institute* only addressed whether Wis. Stat. § 6.34(a)(7), which outlines a voter's proof of residence requirements, and *not* whether Wis. Stat. § 5.02(6m), which deals with voter ID requirements, violates the Twenty-Sixth Amendment. (*Id.*)[2]

---

[2] Even if one were to accept this argument, which the court does not for reasons explained below, the failure of plaintiff's counsel to flag this case as "related" to *One Wisconsin Institute* and *Common Cause v. Thompson*, No. 19-cv-323-jdp, in the civil cover sheet is quite concerning. The question is *not* whether the legal or factual issues are identical, or even closely track, an earlier case. The question is whether they are related. Here, they plainly are and the only reason the court can think of not to disclose that to the court at the time of filing smacks of blatant judge shopping. But for

A review of the litigation and this court's opinion in *One Wisconsin Institute*, however, belies plaintiffs' position. *One Wisconsin Institute* involved challenges to eight different election laws under a variety of legal theories. In the initial and amended complaints filed in that case, plaintiffs expressly and consistently claimed that *§ 5.02(6m)* violated the Twenty-Sixth Amendment. (*See One Wisconsin Institute, Inc. v. Thompson*, 15-cv-00324-jdp [hereinafter "OWI"] Compl. (dkt. #1) ¶¶ 142, 177-80); OWI First Am. Compl. (dkt. #19) ¶¶ 143, 178-81); OWI Second Am. Compl. (dkt. #141) ¶¶ 153, 207-10.) At trial, plaintiffs also actively litigated the issue, presenting witnesses who gave evidence regarding the burdens that the voter ID restrictions placed on college-age students in particular. (*See, e.g.*, OWI Trial Tr. (dkt. #200) 61:7-10, 101:5-19; (dkt. #211) 43:9-25, 159:19-163:10.) Finally, in the plaintiffs' post-trial brief, they continued to argue that the voter ID law violated the Twenty-Sixth Amendment, including specifically the restrictions provided in § 5.02(6m)(f). (*See* OWI Pls.' Post-Trial Br. (dkt. #207) 227.)

Moreover, in its opinion, this court ultimately concluded that "*none* of the challenged provisions violate the Twenty-Sixth Amendment." *One Wisconsin Institute*, 198 F. Supp. 3d at 908 (emphasis added). In discussing the issues, this court also expressly referenced the voter ID restrictions required by § 5.02(6m)(f), noting that:

> The legislature also extended to students the *additional* ability to use their college IDs, albeit under certain restrictive conditions. As a practical matter, these restrictions mean that the standard student IDs that many University of Wisconsin campuses issue were not valid for voting. But some universities have provided workarounds in the form of special university-issued voting IDs. This seems like an unwarranted rigamarole, but the end result is

---

the good will built up by the signator of the complaint, who had repeatedly taken on the most difficult and demanding *pro bono* appointments at the request of this court for a decade or more at a rate far and above other counsel, the court would have seriously considered an order to show cause, especially as he also acted as counsel for plaintiff in *One Wisconsin*.

> that college students have more ID options than other citizens do. [Accordingly,] [t]he court concludes that plaintiffs have not proven by a preponderance of the evidence that the challenged provisions were motivated by intentional age discrimination.

*Id.* at 927. In sum, *One Wisconsin Institute* addressed, among others, the same question that plaintiffs now bring in this case: whether § 5.02(6m) violates the Twenty-Sixth Amendment.[3]

Of course, this alone does not automatically warrant a stay. To the contrary, "federal courts have a 'virtually unflagging obligation' absent 'exceptional circumstances' to exercise jurisdiction when a case is properly before it." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (2010); *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)). Nevertheless, a stay in this case is appropriate here in light of the Seventh Circuit's further admonition that courts "should stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 817). "Suits are parallel if substantially the same parties are litigating substantially the same

---

[3] In contrast, plaintiffs quote from the portion of the district court's opinion clarifying that it was "not concluding that voters have carte blanche to use expired college or university IDs at the polls; they must still comply with [the Student Voter ID Restrictions]." (Pl.'s Opp'n (dkt. #18) 3 (quoting *One Wisconsin Institute*, 198 F. Supp. 3d at 962).) They argue that this statement in *One Wisconsin Institute* by itself "made clear" that the district court's "decision did not impact the Student Voter ID Restrictions challenged in this case," and instead, the court concluded only that the student ID proof of residence requirement, and not the overall student ID restrictions, did not violate the Twenty-Sixth Amendment. (*Id.*) However, plaintiffs appear to misconstrue the court's holding. The quoted statement reflects the court's holding that the expired student ID restriction violated the Fourteenth Amendment, but that voters had to comply the with remaining Student Voter ID Restrictions, specifically *because* they did not violate the Twenty-Sixth Amendment, or any other Amendment. Of course, the *best* way for plaintiffs to have established its alternative reading was accurate would have been to mark this as a related case at the outset, so that the author of that opinion would have been assigned this case.

4

issues simultaneously in two fora." *Id.* (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). While the plaintiffs in this case are different than in *One Wisconsin Institute*, their interests and motivations appear nearly identical, as does their counsel, and the defendants are identical, and, for reasons just discussed, at least one of the issue pending before the Seventh Circuit appears to be as well.

Finally, in a nearly identical situation, this court issued a stay where a different group of plaintiffs brought a challenge that overlapped with issues addressed in *One Wisconsin Institute*. (*See Common Cause v. Thompson,* No. 19-cv-323-jdp, Text Only Order (dkt. #24) (W.D. Wis. July 19, 2019).) There, plaintiffs challenged Wis. Stat. § 5.02(6m)(f) on the grounds that it violated the First and Fourteenth Amendments. In staying the case, this court reasoned that "the decision of the court of appeals [in *One Wisconsin Institute*] is likely to provide significant guidance in resolving this case." (*Id.*) Just so again here.[4]

## II. Motion for Preliminary Injunction

This leaves plaintiffs' motion for a preliminary injunction. "The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone*, 110 F.2d 292, 293 (3d Cir. 1940)). As a result, a party seeking a preliminary injunction must establish three, threshold requirements: (1) irreparable harm, (2) inadequate legal remedies; and (3) "some likelihood of succe[ss] on the merits." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*,

---

[4] The court *is* sympathetic to the concern of plaintiff's counsel with the inordinately lengthy delay in issuance of a substantive opinion in *One Wisconsin Institute*, but the remedy for that is a motion to the Seventh Circuit panel, not an attempt at a blatant end run around the decision itself, however frustrating it may be for the client.

5

549 F.3d 1079, 1086 (7th Cir. 2008). If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction. *Abbott Labs. V. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

Here, absent reversal by the Seventh Circuit, plaintiffs are unable to demonstrate any genuine likelihood of success after the court's decision in *One Wisconsin Institute*. First, plaintiffs' facial challenge to the law is squarely precluded by the court's earlier ruling. Second, many of the facts plaintiffs cite in their brief in support of their motion for a preliminary injunction were available and presented during the *One Wisconsin Institute* litigation. Specifically, plaintiffs' discussion regarding the lack of any evidence of voter fraud in Wisconsin, the history of the passage of Act 23, and evidence that the voter ID restrictions erected barriers to students attempting to vote were all considered in *One Wisconsin Institute*. (*Compare* Pls.' PFOF Mot. for Prelim. Injunction (dkt. #23-2) ¶¶ 12-48, *with One Wisconsin Institute*, 198 F. Supp. 3d at 905-08.) That being said, plaintiffs here do present some new facts regarding the impact of the student ID restrictions on voter turn-out based off of data from the 2016 election that was not available during the *One Wisconsin Institute* litigation. (*See* Pls.' PFOF Mot. for Prelim. Injunction (dkt. #23-2) ¶¶ 49-77.) However, to the extent the facts have fundamentally changed, counsel's avenue for relief is again most effectively directed to the Seventh Circuit or the district judge in the *One Wisconsin Institute* lawsuit.

Accordingly, plaintiffs' motion for a preliminary injunction will be denied.

ORDER

IT IS ORDERED that:

1) Defendants' motion to stay (dkt. #9) is GRANTED until the Seventh Circuit issues a decision in *One Wisconsin Institute, Inc. v. Nichols*, Nos. 16-3083 and 16-3091 (7th Cir.).

2) All deadlines and other calendared dates in the current case are STRUCK, although the parties should continue with discovery, including mandatory Rule 26(a) disclosures.

3) Defendants' motion to reschedule the pretrial conference set for February 12, 2020 (dkt. #21), is DENIED as moot.

4) Plaintiffs' motion for a preliminary injunction (dkt. #23) is DENIED.

Entered this 5th day of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge