IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN INSTITUTE, INC.,
CITIZEN ACTION OF WISCONSIN EDUCATION
FUND, INC., RENEE M. GAGNER,
ANITA JOHNSON, CODY R. NELSON,
JENNIFER S. TASSE, SCOTT T. TRINDL,
MICHAEL R. WILDER, JOHNNY M. RANDLE,
DAVID WALKER, DAVID APONTE, and
CASSANDRA M. SILAS,

                Plaintiffs,

   v.

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
STEVE KING, DON M. MILLS,
MICHAEL HAAS, MARK GOTTLIEB, and
KRISTINA BOARDMAN,
*all in their official capacities*,

                Defendants.

OPINION and ORDER

15-cv-324-jdp

---

COMMON CAUSE, COMMON CAUSE
WISCONSIN, and BENJAMIN R. QUINTERO,

                Plaintiffs,

   v.

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
JODI JENSEN, DEAN KNUDSON, *in their
official capacities as Commissioners of the
Wisconsin Elections Commission*, and
MEAGAN WOLFE, *in her official capacity
as the Interim Administrator of the
Wisconsin Elections Commission*,

                Defendants.

OPINION and ORDER

19-cv-323-jdp

THE ANDREW GOODMAN FOUNDATION
and AMANDA SCOTT,

                Plaintiffs,

  v.                                              OPINION and ORDER

MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON,                19-cv-955-jdp
ROBERT F. SPINDELL, JR., and MARK L.
THOMSEN, *in their official capacities as Wisconsin
Elections Commissioners*,

                Defendants.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JUSTIN LUFT, et al.,
*on behalf of themselves and all others similarly situated*,

                Plaintiffs,                    OPINION and ORDER

  v.                                              11-cv-1128-jdp

TONY EVERS, et al.,

                Defendants.

---

       The plaintiffs in these four cases are challenging the validity of Wisconsin election laws. *One Wisconsin* and *Luft* are about the ID Petition Process, which allows residents to obtain a state ID for voting if they don't already have a qualifying ID. *Common Cause* and *Andrew Goodman* are challenging requirements on using student IDs to vote.

       Defendants move to consolidate all four cases under Federal Rule of Civil Procedure 42(a). Plaintiffs in *One Wisconsin*, *Luft*, and *Common Cause* oppose the motion in full; plaintiffs in *Andrew Goodman* oppose consolidation with *One Wisconsin* and *Luft*, but not with *Common Cause*.

The court agrees with the *Andrew Goodman* plaintiffs. The cases involving the IDPP are not sufficiently related to the cases about student ID requirements to warrant consolidation. But *One Wisconsin* and *Luft* raise nearly identical questions; and *Common Cause* and *Andrew Goodman* are challenging the same requirements for using student IDs to vote. It simply makes sense to group those cases together. So the court will consolidate *One Wisconsin* with *Luft* and *Common Cause* with *Andrew Goodman*, but the court won't consolidate all four cases together. The court will also set scheduling conferences in both sets of cases to determine an efficient process for resolving the remaining disputes.

ANALYSIS

Under Rule 42(a), the court may consolidate two actions if they involve a common question of law or fact. "Consolidation is a matter committed to the sound discretion of the trial judge. In applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity." *Emerson v. Sentry Life Ins. Co.*, No. 18-cv-254-jdp, 2018 WL 4380988, at *2 (W.D. Wis. Sept. 14, 2018) (citations omitted).

Defendants don't contend that the IDPP cases (*One Wisconsin* and *Luft*) share any common questions with the student ID cases (*Common Cause* and *Andrew Goodman*). Rather, their only basis for consolidating all four cases is that they all "challenge aspects of State's voter ID law." Dkt. 353, at 22. But the cases do not involve any of the same statutory provisions or any of the same facts. So it makes little sense to force the cases together. The fact that all of them involve election law says nothing about whether it is more efficient to try them together. So the court will not consolidate all four cases.

It does make sense to consolidate the two IDPP cases. After all, the court of appeals decided those cases together. Although they were originally assigned to different judges in the district court, *Luft* was reassigned to this court on remand at the suggestion of the court of appeals to "eliminate the sort of inconsistent treatment that has unfortunately occurred in the photo-ID parts of the multiple suits." *Luft v. Evers*, 963 F.3d 665, 681 (7th Cir. 2020). Both cases have been remanded on the same issue: whether the current version of the IDPP is valid under the Constitution. No party identifies any substantive differences between the two cases. Under these circumstances, the court sees no reason not to consolidate.

Plaintiffs in both *One Wisconsin* and *Luft* oppose consolidation, but their arguments aren't persuasive. The *One Wisconsin* plaintiffs say that consolidation is inappropriate because *Luft* is a class action, but *One Wisconsin* isn't. But plaintiffs don't cite any authority in support of their view, and they don't explain why it matters that one case is a certified class. The question in both cases relates to whether plaintiffs are entitled to injunctive relief, which will be the same regardless whether the case is a class action.

For their part, the *Luft* plaintiffs point out that they are in a different procedural posture than *One Wisconsin*. Specifically, *Luft* is at the preliminary injunction stage while *One Wisconsin* proceeded to judgment. But, again, plaintiffs don't explain why that matters. As the parties know, *Luft* relied on this court's factual findings to decide the preliminary injunction. Plaintiffs do not suggest that the court should engage in parallel proceedings, applying one standard in *One Wisconsin* and a different standard in *Luft*. In both cases, the court must decide before the November election whether the IDPP has any constitutional defects.

The *Luft* plaintiffs also point out that they have a pending motion that they filed in 2017 to supplement their complaint to add a new plaintiff. But they don't explain why that

precludes consolidation either. In any event, as just discussed, *Luft* is a certified class, so plaintiffs don't need to add a new plaintiff to obtain relief for that individual. Plaintiffs don't explain what purpose it would serve to add another named plaintiff, especially at this late stage. So the court will deny the motion to supplement to add a new plaintiff, but the court will accept the portion of the amended pleading that dismisses named plaintiffs Anna Shea, Andrew Voegele, and Frank Ybarra because those plaintiffs no longer live in Wisconsin. Plaintiffs do not contend that they need to add a new plaintiff to substitute one of the plaintiffs that is being dismissed.

The court will also consolidate *Common Cause* with *Andrew Goodman*. Both cases are challenging Wis. Stat. § 5.02(6m)(f), which requires student IDs to contain "the date of issuance and signature of the individual to whom it is issued and . . . an expiration date indicating that the card expires no later than 2 years after the date of issuance if the individual establishes that he or she is enrolled as a student at the university or college on the date that the card is presented."

It is true that the plaintiffs in *Common Cause* are challenging the statute under the First and Fourteenth Amendments and the plaintiffs in *Andrew Goodman* are relying on the Twenty-Sixth Amendment. The *Common Cause* plaintiffs contend that the difference is important because a challenge under the Twenty-Sixth Amendment imposes a heavier burden on a plaintiff and will require more discovery. Even if that assessment is correct, the court isn't persuaded that any differences in legal standards support a conclusion that these cases should be tried separately. The bottom line is that the plaintiffs in both cases are seeking the same relief, so it makes sense to decide them together. If the plaintiffs in either *Common Cause* or

5

*Andrew Goodman* believe that their claims require additional discovery or other adjustments to the schedule, they may raise that concern when the court holds a scheduling conference.

The decision to consolidate these cases is primarily about administrative convenience. It allows unified docketing, consistent scheduling, and better case management. It doesn't prevent the parties from raising issues that affect only their claims. "[C]onsolidation [does] not . . . completely merg[e] the constituent cases into one, but instead . . . enable[es] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). So the court sees no prejudice to any of the parties by consolidating these cases.

To streamline the consolidation process, the court will transfer *Luft* to the Western District of Wisconsin under 28 U.S.C. § 1404(a). Venue is proper in this district because the defendants are based in Madison. And it serves the interests of justice to have *Luft* and *One Wisconsin* in the same district.

One more issue requires attention. Plaintiffs in *Common Cause* have moved for leave to file an amended complaint. Plaintiffs don't ask to add any new claims or any new plaintiffs. Instead, they say that they seek "to more precisely define their arguments in light of" the court of appeals's decision in *Luft*. Dkt. 31, at 2. Generally, a party does not need to amend its complaint to tweak its legal theory. *See BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 900 F.3d 529, 540–41 (7th Cir. 2018). But the court understands the amended complaint to be an indirect response to defendants' motion for partial judgment on the pleadings, Dkt. 27, which defendants filed before plaintiffs filed their motion for leave to amend. Plaintiffs say that the amended complaint "would clarify the legal question at issue for all parties and the Court, and

6

Defendants would be able to direct a renewed motion for judgment on the pleadings to the First Amended Complaint." Dkt. 31, at 2.

If defendants' motion for judgment on the pleadings is based on an outdated legal theory, it makes sense to allow defendants to file a renewed motion based on the theories asserted in the amended complaint. So the court will grant plaintiffs' motion for leave to amend and deny defendants' motion for judgment on the pleadings as moot. Defendants are free to file a new motion, or, if they believe their original motion is adequate, they may inform the court, and the court will reset briefing on the motion.

ORDER

IT IS ORDERED that:

1. Case no. 11-cv-1128-jdp is TRANSFERRED to the Western District of Wisconsin under 28 U.S.C. § 1404(a).

2. Defendants' motion to consolidate (Dkt. 352 in Case no. 15-cv-324-jdp; Dkt. 29 in Case no. 19-cv-955-wmc; Dkt. 29 in Case no. 19-cv-323-jdp; and Dkt. 355 in Case no. 11-cv-1128-jdp), is GRANTED in part and DENIED in part. The court will not consolidate all four cases. Instead, Case no. 15-cv-324-jdp is CONSOLIDATED with Case no. 11-cv-1128-jdp. Case no. 19-cv-323-jdp is CONSOLIDATED with Case no. 19-cv-955-wmc.

3. Going forward, all filings for either Case no. 15-cv-324-jdp or Case no. 11-cv-1128-jdp should be filed in Case no. 15-cv-324-jdp. All filings for either Case no. 19-cv-323-jdp or Case no. 19-cv-955-wmc should be filed in Case no. 19-cv-323-jdp.

4. Case no. 19-cv-955-wmc is REASSIGNED to District Judge James D. Peterson.

5. Plaintiffs' motion to file a supplemental complaint in Case no. 11-cv-1128-jdp, Dkt. 347, is DENIED as to plaintiffs' request to add a new plaintiff. The motion is GRANTED as to plaintiffs' request to dismiss Anna Shea, Andrew Voegele, and Frank Ybarra.

6. Plaintiffs' motion for leave to amend their complaint in Case no. 19-cv-323-jdp, Dkt. 31, is GRANTED, and defendants' motion for judgment on the pleadings in Case no. 19-cv-323-jdp, Dkt. 27, is DENIED as moot.

7. The court will hold a scheduling conference in Case no. 15-cv-324-jdp and Case no. 11-cv-1128-jdp before Judge Peterson on Tuesday, August 25, at 10:00 a.m.

8. The court will hold a scheduling conference in Case no. 19-cv-323-jdp and Case no. 19-cv-955-wmc before Judge Peterson on Tuesday, August 25, at 11:00 a.m. The conference scheduled for August 21 in Case no. 19-cv-323-jdp is CANCELLED.

Entered August 20, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge